**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4441**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STEPHANIE DIANE ALKIRE,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00031-TSK-MJA-1)

─────────────

Submitted:  January 17, 2023                    Decided:  January 19, 2023

─────────────

Before KING and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:**  Katy J. Cimino, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Brandon Scott Flower, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie Diane Alkire appeals the district court's judgment imposing an 18-month sentence upon revocation of Alkire's term of supervised release. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but discussing whether the district court imposed a plainly unreasonable sentence. Alkire did not file a pro se supplemental brief despite receiving notice of her right to do so, and the Government declined to file a response brief. Finding no error, we affirm.

A district court has broad discretion when imposing a sentence upon revocation of supervised release. *United States v. Coston*, 964 F.3d 289, 296 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1252 (2021). "We affirm a revocation sentence so long as it is within the prescribed statutory range and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the . . . Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors," *id.* (cleaned up), and "explain[s] why any sentence outside of the [policy statement] range better serves the relevant sentencing [factors]," *id.* at 209 (cleaned up); *see* 18 U.S.C. § 3583(e) (specifying the § 3553(a) factors relevant to supervised release revocation). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant

2

should receive the sentence imposed[,]" up to the statutory maximum. *Slappy*, 872 F.3d at 207 (cleaned up). Only if a sentence is either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable. *Id.* at 208.

We find that the district court committed no error when it imposed the 18-month sentence. To the contrary, the district court listened to the parties' arguments and allowed Alkire to allocute at length before imposing sentence. The court then responded to the parties' arguments and explained the selected sentence in terms of the revocation-relevant sentencing factors. Although counsel raises the reasonableness of Alkire's sentence as a possible issue for our consideration, counsel correctly concedes that Alkire's sentence, which was below the statutory maximum, is reasonable. The district court also thoroughly explained its rationale for imposing Alkire's sentence, which included Alkire's repeated failure to comply with the terms of her supervised release and—given the futility of Alkire's previous supervised release—the court's decision to forego imposing a new supervised release term. We therefore hold that Alkire's sentence is not unreasonable. *See Coston*, 964 F.3d at 298 ("Given the district court's care in explaining [defendant's] sentence, and especially considering that court's historic inability to prevent [defendant] from repeatedly violating supervised release conditions, we hold that his sentence is not unreasonable.").

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Alkire, in writing, of her right to petition the Supreme Court of the United States for further review. If Alkire requests that a petition be

3

filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Alkire. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*